KEDING et al. v. KVETON.   (No. 8382.)

(Court of Civil Appeals of Texas. Galveston. May 23, 1923. On Motion for Rehearing, June 19, 1923.)

1. Evidence ⬤=501(3)—Rule governing testimony of nonexpert witnesses on insanity not applicable on question of testamentary capacity.

Where one of the subscribing witnesses testified that testator was of sound mind at the time of signing the will, as well as before and after, the rule that, before a nonexpert witness can give his opinion that a person is insane, he must first state facts on which he bases his opinion, had no application to the fact sought to be proved, and his testimony was admissible.

2. Witnesses ⬤=164(11)—Beneficiary and survivor of joint makers of will cannot testify regarding execution of will.

The survivor of joint makers of a will, under which survivor was also a beneficiary, may not testify with reference to what was done by the makers in the execution of the will.

On Motion for Rehearing.

3. Wills ⬤=119—Execution held insufficient for want of declaration in presence of witnesses.

Where neither testator nor any one else told the subscribing witnesses in his presence that the instrument was his will, but one L. told them "to come in and sign as witnesses" to testator's "will," and one of the witnesses signed without knowing what it was, the paper was not attested as required by Rev. St. art. 7857.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Application by Frank Kveton for the probate of the will of John Kveton, Sr., deceased. From a denial of probate, proponent appealed to the district court, where the will was admitted, from which judgment Johanna Keding and others appeal. Reversed and remanded.

C. G. Krueger, of Bellville, and C. C. Glenn, of Sealy, for appellants.

Johnson, Matthaei & Thompson, of Bellville, for appellee.

LANE, J. On the 11th day of October, 1920, appellee, Frank Kveton, filed an application in the county court of Austin county, Tex., praying for the probate of the purported will of one John Kveton, Sr., deceased, which is in form and substance as follows:

"The State of Texas, County of Austin.

"We, the undersigned John Kveton and wife Anna Kveton, of Austin county, Texas, being of sound mind, memory and understanding, do hereby make our last will and testament in manner and form as follows:

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"It is our will and we decide, that the survivor of us shall remain in full possession of all our property, both real and personal, whatsoever and wheresoever it may be, and after the death of both of us, our son Frank Kveton shall receive all of our present farm consisting of 264 acres of land, our present homestead, with improvements thereon, situated on Bernardo Prairie in Austin county, Texas. He shall be the sole owner of said farm, after paying to his. sisters, our daughters Johanna Keding, née Kveton, wife of August Keding, and Josephine Lux, wife of Ferdinand Lux, both of Austin county, Texas, the sum of ($300.00) three hundred dollars each.

"We give and bequeath to our said daughter Josephine Lux our brown mare.

"It is our will and we decide, that the balance of our personal property, whatsoever and wheresoever it may be, be divided among our above named three children, share and share alike, after all funeral expenses for both of us have been paid.

"We hereby appoint our son Frank Kveton and our son in law Ferdinand Lux executors of this our last will and testament without bond, revoking all other wills heretofore made by us.

"Witness our hands this the 19th day of February, A. D. 1914.     John Kveton, Sen.

                              her
                   "Anna  X  Kveton.
                              mark

"Signed and declared by the said John Kveton and his wife Anna Kveton as and for their last will and testament, in the presence of us, who at their request and in their presence and in the presence of each other, have hereunto subscribed our names as witnesses..

"Sealy, Texas, February 19th, A. D. 1914.
                         "Aug. Iselt.
                         "Otto Kohlleffel."

On the same day Josephine Lux and Johanna Keding, joined by her husband, August Keding, hereinafter called appellants, filed their contest of such probate. The only grounds of contest alleged were that the instrument offered for probate was not the will of John Kveton, Sr., but that if said John Kveton did in fact execute said instrument he did so while he was under the undue influence of appellee, Frank Kveton, and therefore said instrument was not the will of John Kveton, Sr., but was the will of said Frank Kveton. Upon a hearing in the county court the probate of the will was refused, and the proponent appealed to the district court.

Upon trial before a jury in the district court, proponent introduced his evidence, but the contestants, appellants here, declined to offer any evidence, and moved the court for an instructed verdict in their behalf. The court refused such. motion and instructed a verdict for proponent. The jury returned a verdict in accordance with such instructions, whereupon judgment was rendered admitting the will to probate. From such judgment contestants have appealed.

There being no evidence showing or tending to show that proponent, Frank Kveton, exercised any undue influence over John Kveton, Sr., whereby he was induced ·to execute the instrument offered for probate as the will of said John Kveton, Sr., we conclude that the ·controlling questions presented by this appeal for our decision, aside from some minor incidental questions, are as follows: First, is the form of the instrument offered for probate such as is required of wills by article 7857, Revised Civil Statutes; that is: (a) Was it in writing? (b) Does the signature of John Kveton, Sr., appear subscribed thereto? (c) Does the signature of two witnesses appear, subscribed thereto? Second, does the undisputed competent and admissible evidence show: (a) That the instrument was signed by the purported testator or by some person by his direction in his presence, and that at the time of such signature John Kveton, Sr., was over the age of 21 years and sound of mind? (b) That the two witnesses who signed said instrument were at the time they signed over 14 years of age, and that they signed said instrument in the presence of John Kveton, Sr.? If these questions are answered in the affirmative, the judgment of the trial court in admitting the instrument to probate as the will of John Kveton, Sr., must be sustained.

That the instrument offered for probate was in writing; that the name of John Kveton, Sr., and of two credible witnesses, appeared on the instrument, as testator and witnesses, respectively, is undisputed; that John Kveton, Sr., at the time the instrument was signed, was of sound mind and over 21 years of age, and that the persons who signed as witnesses were each at such time over 14 years of age, is shown by undisputed, competent, and admissible evidence. We are therefore of the opinion that all of said questions should be answered in the affirmative, and the judgment affirmed.

[1] We now return to a consideration of the incidental question presented by appellant. We do not think the court erred in permitting August Iselt, one of the subscribing witnesses, to testify over the objection of contestants that in his opinion John Kveton, Sr., at the time he signed the will was of sound mind. He had, in connection with the testimony objected to, stated that he had known John Kveton, Sr., for 20 years, that he saw him frequently during his acquaintance with him, that he had seen him only a few months prior to the signing of the will and had seen him a short time thereafter, and that at such time he appeared to be all right both mentally and physically. The rule that, before a nonexpert witness can be permitted to give his opinion that a person is insane, he must first state the facts upon which he bases his opinion, has, we think, no application to the facts sought to be proven in the present case.

Nor do we think that the court erred in admitting the purported will in evidence at the time it was introduced. Evidence showing its execution had been introduced before it was introduced. If, however, we are in error in concluding that the execution of the will had been proven before it was offered in evidence, no reversible error was committed in permitting its introduction out of its regular order. It was admissible in evidence, and the action of the trial court in determining the order in which admissible evidence may be introduced will not be held to be reversible error.

[2] We agree with the contention of appellants that the court erred in permitting Mrs. Anna Kveton, the surviving wife of John Kveton, Sr., who was a joint maker of the will offered for probate, under the provisions of which she was a beneficiary, to give testimony with reference to what was done by her husband and herself in the execution of said will; but, as the execution of the will was proven by the undisputed testimony of a competent witness, the admission of the testimony of the witness Anna Kveton would not constitute reversible error.

Having reached the conclusion that the execution of the will offered for probate was proven by the undisputed testimony of a competent witness, one of the witnesses to the same, and that there was no evidence of undue influence being exercised upon the testator which induced such execution, we further conclude that the judgment should be in all things affirmed; and it is so ordered.

Affirmed.

### On Motion for Rehearing.

[3] Appellants have filed their motion for rehearing. They admit that the will offered for probate, in so far as its form is concerned, meets the requirements of article 7857, Revised Civil Statutes of Texas —that is, it is in writing, the name of the alleged testator appears thereon as the maker, and the names of two persons appear thereon as attesting witnesses; but appellants now vigorously contend that there was no proof that John Kveton executed the will offered for probate "with the formalities and solemnities required by law to make a valid will." Their contention, more specifically stated, is that, while it is shown that the two persons whose names appear on the will as witnesses did, in fact, subscribe their names to the instrument, they did not attest the same, as required by article 7857, supra, as being the will of John Kveton, that is, that there was no proof that they or either of them saw John Kveton sign said instrument, or that he told them that it was his will, or that any one else told them in the presence and hearing of John Kveton that it was his will.

After a more careful examination of the somewhat confusing testimony of August Iselt, the only competent witness offered to prove the execution of the instrument, we have reached the conclusion that we must sustain the contention of appellants and grant their motion for rehearing. In forming our former conclusions we were led into the belief that there were proven such facts and circumstances as would authorize the probate court to find that John Kveton had executed the instrument as his will.

With reference to the signing of the instrument, the witnesses stated that when they, the two witnesses, got in the house where John Kveton and his wife were sitting, Mr. Ludwig, who called them, told them that it was the will of John Kveton and wife, and that this statement of Ludwig, made in the presence of John Kveton, induced them to sign as witnesses, under the belief that it was the will of said Kveton. Upon a more careful examination of the entire statement of facts, however, we must now find that the testimony of Iselt is to the effect that neither Ludwig nor any one else told either him or the other subscribing witness in the presence of John Kveton that the instrument was the will of John Kveton, or of any one else. He finally reduced his statement as to his knowledge of the nature of the paper signed by him, and as to the place where Ludwig told him that John Kveton wanted him to witness his will, to the following:

"He did not say, just at the moment we signed, it was their will, but he told us it was their will, Mr. Ludwig did. He did not tell us in the house, but he told us out where we were at work that it was their will; that is where he told us. He told us out at the house where we were building, which was about as far from the house we afterwards went to as from here across the street, about a hundred yards. Out at the house he told us to come in and sign as witnesses a will for John Kveton and his wife."

Again he said:

"When going back, I told Mr. Kohlleffel that that was the first paper I ever signed without knowing what it was."

Having finally reached the conclusion that there was no evidence showing either that John Kveton signed the paper offered for probate, or that his signature was attested by two witnesses as required by law, we grant the motion for rehearing; and it is now ordered that the judgment heretofore rendered by this court, affirming the judgment of the trial court, be, and the same is, set aside and vacated, and it is now ordered that said judgment of the trial court be reversed, and that the cause be remanded.

Reversed and remanded.